**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| THE ZON3 LLC d/b/a POPULAR DEMAND,<br><br>     *Plaintiff,*<br><br>     *v.*<br><br>DEMAND CLOTHING, LLC,<br><br>     *Defendant.* | No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff, The Zon3, LLC d/b/a Popular Demand ("Plaintiff"), by and through its attorneys, SBS Law, PLC, as and for its Complaint against Defendant, Demand Clothing, LLC ("Defendant"), hereby alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Michigan limited liability company with its principal place of business in Kent County, Michigan.

2. Defendant is believed to be a business entity operating a retail clothing store under the mark "DEMAND CLOTHING" (the "Infringing Mark") at RiverTown Crossings, located at 3700 Rivertown Parkway, Grandville, MI 49418.

3. This Court has original subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §1338(a)-(b).

4. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the Lanham

Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.     This Court may exercise general personal jurisdiction over Defendant because Defendant is located and at home in Michigan, including because Defendant is organized and maintains a principal place of business in Michigan.

6.     This Court may also exercise specific personal jurisdiction over Defendant because the acts and events giving rise to this lawsuit were undertaken in Michigan, and because Defendant directly targets consumers in Michigan, including by directing Defendant's sales and promotional activities toward Michigan residents and selling Defendant's goods to Michigan residents, thereby committing tortious acts in Michigan.  Such acts have also caused Plaintiff substantial injury in Michigan.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### FACTS COMMON TO ALL COUNTS

8.     Plaintiff is a trendy streetwear and lifestyle retailer and the owner of the trademark "POPULAR DEMAND" (the "POPULAR DEMAND Mark") for use in connection with various goods and services, including retail store services featuring clothing.

9.     Plaintiff operates multiple retail stores under the POPULAR DEMAND Mark, including at the Woodland Mall, located at 3195 28th Street SE, Kentwood, MI 49512, and at RiverTown Crossings, located at 3700 Rivertown Parkway, Grandville, MI 49418.

10.    Through its continuous use of the POPULAR DEMAND Mark in commerce since at least as early as October 2020, Plaintiff has established substantial goodwill and consumer recognition in the POPULAR DEMAND Mark.

11.    The word "DEMAND" is the dominant and distinctive element of the POPULAR DEMAND Mark.

12.    The POPULAR DEMAND Mark is strong in that, at a minimum, it is suggestive and, thus, inherently distinctive.

13.    Plaintiff also owns U.S. Registration No. 8,262,584 for the POPULAR DEMAND Mark in connection with "*Retail store services featuring clothing; online retail store services featuring clothing; retail clothing store services; retail store services featuring clothing, headwear, and footwear; online retail store services featuring clothing, headwear, and footwear.; Online retail clothing store services; Online retail department store services featuring in-store order pickup*" in International Class 035.

14.    U.S. Registration No. 8,262,584 issued on May 19, 2026, from U.S. Application Serial No. 99/452,251, filed on October 20, 2025.

15.    In and around March 2024, Defendant commenced use of the Infringing Mark in connection with retail services featuring clothing through a kiosk at RiverTown Crossings.

16.    In and around April or May 2025, Defendant expanded its use of the Infringing Mark in connection with retail services featuring clothing by opening a storefront at RiverTown Crossings.

17.    In and around November 2025, Defendant further expanded its use of the Infringing Mark in connection with retail services featuring clothing by opening an additional storefront at Woodland Mall.

18.    The Infringing Mark incorporates the dominant element of Plaintiff's POPULAR DEMAND Mark, namely, the word "Demand."

19.    Additionally, the "Clothing" element in the Infringing Mark is a generic term for, or merely descriptive of, the goods and services in connection with which Defendant uses the Infringing Mark.

20.    Plaintiff's POPULAR DEMAND Mark and the Infringing Mark are highly similar in that both the POPULAR DEMAND Mark and the Infringing Mark contain the dominant term "DEMAND" and create the same commercial impression or substantially similar commercial impressions.

21.    Defendant uses the Infringing Mark in connection with the same goods and services in connection with which Plaintiff uses the POPULAR DEMAND Mark, including retail store services featuring clothing, headwear, and footwear.

22.    Defendant advertises, markets, and sells its goods and services offered under the Infringing Mark in the same shopping malls as Plaintiff, and competes directly for the same customer base as Plaintiff.

23.     Consumers and others have exhibited actual confusion concerning Plaintiff's goods and services offered under the POPULAR DEMAND Mark and Defendant's goods and services offered under the Infringing Mark.

24.     On some occasions, consumers provided negative reviews of Plaintiff's goods and services offered under the POPULAR DEMAND Mark when, on information and belief, such goods and services had actually originated with Defendant, as depicted, by way of example, below:



25.     Similarly, although Plaintiff is an authorized retailer for Purple Brand goods, on at least one occasion, Plaintiff received notice that its sales of Purple Brand goods were unauthorized.  It was later determined that the notice was improperly directed at Plaintiff, an authorized retailer, when in fact, the notice was intended for Defendant.

26.     Actual consumer confusion between Plaintiff's POPULAR DEMAND Mark and Defendant's Infringing Mark has already occurred, and such confusion is likely to continue.

27. On or about December 1, 2025, Plaintiff, through counsel, sent Defendant a cease-and-desist letter demanding that Defendant immediately cease all use of the Infringing Mark.

28. Defendant failed to respond to the December 1, 2025 cease-and-desist letter and continued to use the Infringing Mark.

29. On or about January 21, 2026, Plaintiff, through counsel, again sent Defendant a cease-and-desist letter demanding immediate cessation of all infringing activities.

30. Despite having received actual notice of Plaintiff's trademark rights and demand to cease infringing activities, Defendant continued to, and to this day continues to, willfully infringe Plaintiff's rights in the POPULAR DEMAND Mark.

31. Defendant's continued use of the Infringing Mark after receiving notice constitutes willful trademark infringement, entitling Plaintiff to enhanced damages, attorney's fees, costs, and recovery of profits.

## COUNT I

### (Infringement of a Federally Registered Trademark: 15 U.S.C. § 1114)

32. Plaintiff incorporates by reference paragraphs 1-31 as though fully set forth herein.

33. Plaintiff is the owner of all right, title, and interest in U.S. Registration No. 8,262,584 for the inherently distinctive POPULAR DEMAND Mark and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

34.    Without Plaintiff's consent, Defendant has used and continues to use in commerce the Infringing Mark in connection with retail store services featuring clothing, headwear, and footwear.

35.    Consumers who encounter Defendant's unauthorized use of the Infringing Mark in connection with Defendant's goods and services are likely to think that they are sponsored, authorized, or approved by, or otherwise associated or affiliated with, Plaintiff.

36.    Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive, and thus constitute trademark infringement of the registered POPULAR DEMAND Mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.    Defendant had actual knowledge of Plaintiff's rights prior to its infringing use of the Infringing Mark.  The actions of Defendant alleged above are intentional, willful, and with full knowledge of Plaintiff's rights in and to the POPULAR DEMAND Mark.

38.    As a direct and proximate result of the actions of Defendant alleged above, Plaintiff has been damaged and will continue to be damaged.  Defendant's conduct, unless enjoined by the Court, will further impair the value of the Plaintiff's POPULAR DEMAND Mark, name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

39.    This is an exceptional case under 15 U.S.C. § 1117.

40.    Based on Defendant's conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by Sections 1116, 1117, and

1118, including Defendant's profits, reasonable attorneys' fees, costs, and prejudgment interest.

## COUNT II

### (Federal Unfair Competition, False Designation of Origin, and False Association: 15 U.S.C. § 1125(a)(1)(A))

41.    Plaintiff incorporates by reference paragraphs 1-31 as though fully set forth herein.

42.    Plaintiff is the owner of all right, title, and interest in the inherently distinctive POPULAR DEMAND Mark, and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1124(a)(1)(A).

43.    Without Plaintiff's consent, Defendant has used and continue to use in commerce the Infringing Mark to pass off Defendant's goods and services as products originating with Plaintiff.

44.    Defendant's unauthorized use of the Infringing Mark in connection with Defendant's unapproved goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the products and commercial activities of Defendant.

45.    Consumers who encounter Defendant's unauthorized use of the Infringing Mark in connection with Defendant's goods and services are likely to think that they are sponsored, authorized, or approved by, or otherwise associated or affiliated with, Plaintiff.

46.    Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive, and thus constitute trademark infringement, unfair competition, and false

designation of origin, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

47.    Defendant had actual and/or constructive knowledge of Plaintiff's rights prior to Defendant's infringing use of the Infringing Mark.  The actions of Defendant alleged above are intentional, willful, and with full knowledge of Plaintiff's rights in and to the POPULAR DEMAND Mark.

48.    As a direct and proximate result of the actions of Defendant alleged above, Plaintiff has been damaged and will continue to be damaged.  Defendant's conduct, unless enjoined by the Court, will further impair the value of Plaintiff's POPULAR DEMAND Mark, name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

49.    This is an exceptional case under 15 U.S.C. § 1117.

50.    Based on Defendant's conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by Sections 1116, 1117, and 1118, including Defendant's profits, reasonable attorneys' fees, costs, and prejudgment interest.

## COUNT III
### (Michigan Consumer Protection Act: MCL 445.903 *et seq.*)

51.    Plaintiff incorporates by reference paragraphs 1-31 as though fully set forth herein.

52.    Defendant's actions as described above constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce.

53.    Defendant's actions described above create a high probability of confusion as to the source, sponsorship, approval, or certification of the parties' respective goods and services.

54.    Defendant's actions were likely to, and did, cause consumer confusion, and are likely to continue to do so unless enjoined by the Court.

55.    Upon information and belief, Defendant has willfully engaged in deceptive practices in the conduct of trade or commerce, intending to unlawfully free ride on Plaintiff's reputation.

56.    Plaintiff has suffered damages, including harm to its brand and goodwill, as well as diverted sales, as a result of Defendant's unlawful actions.

57.    Plaintiff is entitled to damages as a result of Defendant's conduct complained of herein.

### COUNT IV
### (Common Law Unfair Competition)

58.    Plaintiff incorporates by reference the allegations in paragraphs 1-31 as though fully set forth herein.

59.    Plaintiff owns common law trademark rights in the POPULAR DEMAND Mark under Michigan law by virtue of Plaintiff's adoption, use, and promotion of the POPULAR DEMAND Mark in commerce.

60.    Defendant's use of the Infringing Mark was deceptive and likely to, and did, cause mistake and confusion regarding whether Defendant's goods and services originate from Plaintiff, or are sponsored, or approved of, by Plaintiff.

61.     By its aforementioned acts, Defendant has infringed Plaintiff's rights in the POPULAR DEMAND Mark in violation of Michigan common law.

62.     Upon information and belief, Defendant's use of the Infringing Mark was willful and intended to mislead and confuse customers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods and services.

63.     Plaintiff has suffered damages, including harm to its brand and goodwill, as well as diverted sales, as a result of Defendant's unlawful actions.

64.     Plaintiff is entitled to damages as a result of Defendant's conduct complained of herein.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1.     An order be entered declaring that Defendant:

a.     Infringed the POPULAR DEMAND Mark, in violation of 15 U.S.C. § 1114;

b.     Infringed Plaintiff's POPULAR DEMAND Mark, and engaged in false designation of origin, false association, and unfair competition, in violation of 15 U.S.C. § 1125(a)(1)(A);

c.     Engaged in unfair competition in violation of the common law of Michigan;

d.     Violated the Michigan Consumer Protection Act; and

e.      That each of the above acts was willful and knowing;

2.      Defendant, and its officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively, be permanently enjoined from:

a.      Using the Infringing Mark, and any trademarks confusingly similar to the POPULAR DEMAND Mark;

b.      Using any trademark or trade dress owned by Plaintiff, or any colorable imitation of such trademarks or trade dress, in a manner that is likely to confuse, mislead, or deceive others into believing that Defendant or its products emanate from, or are connected with, sponsored by, approved by, or affiliated with Plaintiff;

c.      Doing any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, or the goods and services sold, distributed, or emanating from Defendant or entities under Defendant's control, are connected with, sponsored by or approved by Plaintiff; and

d.      Assisting, aiding, or abetting any other person or entity in engaging in any of the activities prohibited in paragraphs (a) through (c);

3.  Defendant be required to:

a.      Account for and pay over to Plaintiff all profits derived by Defendant, together with prejudgment interest, from the acts complained of herein in accordance with 15 U.S.C. §  1117(a);

b.    Pay to Plaintiff the amount of actual damages suffered by Plaintiff, together with prejudgment interest, as a result of Defendant's acts complained of herein in accordance with 15 U.S.C. § 1117(a);

c.    Pay to Plaintiff the costs of this action, together with reasonable attorneys' fees, in accordance with 15 U.S.C. §  1117(a);

d.    Pay to Plaintiff exemplary and/or punitive damages by reason of Defendant's acts complained of herein;

e.    Deliver up for destruction all labels, signs, and advertisements in Defendant's possession which bear the Infringing Mark, or any trademark confusingly similar to Plaintiff's POPULAR DEMAND Mark, in accordance with 15 U.S.C. §  1118; and

f.    File with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116(a); and

4.   Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: July 31, 2026                    Respectfully Submitted,

Michael J. Harris

*Of Counsel*

**SBS Law PLC**

234 N Division Ave
Suite 400
Grand Rapids, MI 49503
Tel.: (203) 231-7490
Email: mharris@sbslawplc.com
        michael.j.harris56@gmail.com

*Counsel for Plaintiff*